# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PROBATTER SPORTS LLC | : | |
| Plaintiff, | : | Civil Action No.: |
| v. | : | |
| KODIAK SPORTS LLC and MATT GARRABRANTS | : | |
| Defendant. | : | APRIL 19, 2016 |

## COMPLAINT

The plaintiff, ProBatter Sports LLC, hereby files its complaint against the defendant, as follows:

## THE PARTIES

1. The plaintiff, ProBatter Sports, LLC ("ProBatter") is, and at all relevant times, has been, a Connecticut Limited Liability company with a principal place of business located in Milford, Connecticut.

2. The defendant, Kodiak Sports LLC ("Kodiak"), is a Texas company located in Plano, Texas.

3. The defendant, Matt Garrabrants ("Garrabrants") is an individual residing in Texas, who owns, directs and controls the business of Kodiak.

## JURISDICTION AND VENUE

4. This is an action for violation of the Patent Laws of the United States of America, 35 U.S.C. § 1, et al.

5.  The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338.

6.  Kodiak, under ownership, direction and control of Garrabrants, has transacted business in this State, by, without limitation, the offering for sale and/or selling of products within this Judicial District.

7.  In particular, and without limitation, Kodiak operates a website, http://www.kodiaksports.com/, which offers to sell and sells goods including infringing goods to Connecticut residents and businesses.

8.  This Court has personal jurisdiction over Garrabrants because the cause of action arises out of: (i) his transaction of business within the state, (ii) his commission of tortious acts within the state, and/or (iii) his commission of tortious acts outside the state that have caused injury to ProBatter within the state given that he regularly solicits business, engages in a persistent course of conduct, and/or derives substantial revenue from goods used in the state.

9.  This Court has personal jurisdiction over Kodiak because the cause of action arises out of (i) repeated solicitation of business in this state, (ii) the distribution of goods with the reasonable expectation that such goods are to be used in this state and are so used in this state, and/or (iii) tortious conduct in this state.

10.  Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## PROBATTER'S INTELLECTUAL PROPERTY RIGHTS

11.  On February 6, 2001, the United States Patent and Trademark Office issued U.S. Patent No. 6,182,649 ("the 649 Patent"). A copy of the 649 Patent is attached hereto as <u>Exhibit A.</u>

12. On April 15, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,546,924 ("the 924 Patent"). A copy of the 924 Patent is attached hereto as <u>Exhibit B</u>.

13. ProBatter is the owner by assignment of the 649 Patent and the 924 Patent.

14. The inventions claimed by the 649 Patent and the 924 Patent are embodied in ProBatter's commercial products, which have received substantial industry praise and have become a commercial success.

15. The legal right to exclusively market and sell products covered by ProBatter's patents is a valuable asset wholly owned by ProBatter.

16. ProBatter marks its commercial products with the 649 Patent and the 924 Patent numbers.

## COUNT ONE (DIRECT INFRINGEMENT OF THE 649 PATENT)

17. Paragraphs 1 through 16 are hereby incorporated as if fully set forth herein.

18. Kodiak, under the ownership, direction and control of Garrabrants, has offered to sell and/or sold an automated pitching machine under various names, the current of which is the HomePlate Ultimate.

19. Kodiak, under the ownership, direction and control of Garrabrants, has also offered to sell and/or sold a second automated pitching machine called the HomePlate Premier.

20. Both HomePlate machines simulate a real-at-bat experience by generating almost any pitch within seven to ten seconds.

21. Both machines accomplish this feat by utilizing a combination of technologies including, without limitation, dynamic braking, a programmable controller, and horizontal and vertical linear actuators.

22. By offering for sale and selling the HomePlate machines within the United States, without authority, and during the patent term, Kodiak, under the ownership, direction and control of Garrabrants, has infringed at least one claim of the 649 Patent in violation of 35 U.S.C. § 271(a).

23. In particular, the offer for sale and sale of HomePlate machines infringe at least one – if not all – of the following claims of the 649 Patent: namely, claims 1-12, 25-27 and 31,

24. As a result of this infringing activity, ProBatter is entitled to an award of damages against, together with interest and costs, in accordance with 35 U.S.C. § 284.

25. This case is exceptional under 35 U.S.C. § 285, entitling ProBatter to the recovery of reasonable attorneys' fees and costs in pursuing this matter to judgment.

### COUNT TWO (DIRECT INFRINGEMENT OF THE 924 PATENT)

26. Paragraphs 1 through 25 are hereby incorporated as if fully set forth herein.

27. By offering for sale and/or selling the HomePlate machines within the United States, without authority, during the patent term, Kodiak, under the ownership, direction and control of Garrabrants, has infringed at least claim 1 of the 924 Patent in violation of 35 U.S.C. § 271(a).

28. As a result of this infringing activity, ProBatter is entitled to an award of damages, together with interest and costs in accordance with 35 U.S.C. § 284.

29. This case is exceptional under 35 U.S.C. § 285, entitling ProBatter to the recovery of reasonable attorneys' fees and costs in pursuing this matter to judgment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, ProBatter prays for the following:

1. An Order enjoining the Defendants from offering for sale and selling the HomePlate Ultimate machine.

2. An Order enjoining the Defendants from offering for sale and selling the HomePlate Premier machine.

3. An award of money damages pursuant to 35 U.S.C. § 284.

4. An award of interest and costs pursuant to 35 U.S.C. § 284.

5. An award of attorneys' fees and costs pursuant to 35 U.S.C. § 285.

6. Such other relief as this Court deems just and proper.

## JURY DEMAND

ProBatter hereby requests a trial by jury of any issue so triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

THE PLAINTIFF,
PROBATTER SPORTS LLC.

By: /s/ John R. Horvack, Jr.

John R. Horvack, Jr.
Federal Bar No. ct12926
Fatima Lahnin
Federal Bar No. ct24096
John L. Cordani, Jr.
Federal Bar No. ct28833
Carmody Torrance Sandak & Hennessey, LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
Tel: 203-777-5501
Fax: 203-784-3199
jhorvack@carmodylaw.com
flahnin@carmodylaw.com
jlcordani@carmodylaw.com